IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 23-CV-22718-BB
Magistrate: Otazo-Reyes

JOSE ENRIQUE REGUERA,
and all others similarly Situated under 29 U.S.C. 216 (B),

    Plaintiff,

v.

GUANTANAMERA CIGARS COMPANY, a Florida Corporation,
JOSE MONTAGNE, individually
MARGARITA MONTAGNE, individually

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
## AND TO DISMISS ACTION WITH PREJUDICE

Plaintiff, JOSE ENRIQUE REGUERA, and Defendants, GUANTANAMERA CIGARS COMPANY, a Florida Corporation, JOSE MONTAGNE and MARGARITA MONTAGNE, individually, (collectively, "Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice. The following is stated in support:

    1.    On or about April 7, 2023, REGUERA, filed suit ("the lawsuit"), against the Defendants in the Circuit Court of the 11th Judicial District of Florida as Case 2023-014974-CA-01 against Defendants, for alleged violations of the Fair Labor Standards Act, 28 U.S.C. §§ 206, 206, 215(b), 216(b). On or about July 20, 2023, the lawsuit was removed to federal court in the Southern District of Florida as Case 1-23-CV-22718-BB. Defendants dispute Plaintiff's claims that there were violations of the FLSA having relied on their records and the Department of Labor Audit that found no violations.

1

2. The Parties stipulate that they have entered into a fair and reasonable settlement of the Plaintiff's FLSA claims under sections 6 and 7 of the Act. Additionally, the parties have settled Plaintiff's retaliation claim under section 15(a)(3) of the Act as well through separate consideration.

3. The parties hereby jointly stipulate to the dismissal with prejudice of this case based on a settlement of all claims. A written Settlement Agreement and General Release memorializing the terms of the settlement has been signed by the parties is attached hereto.

4. The Parties dispute whether there is liability in this action. Nonetheless, they have agreed to settle the claims made in this dispute through the execution of a Settlement Agreement and General Release. The Parties represent that, in accordance with the terms of the Settlement Agreement, Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, including liquidated damages and an additional sum in consideration of his execution of a full general release and dismissal of his retaliation claim, plus payment of an agreed upon amount of attorneys' fees and costs. The Parties agree that the settlement terms they have reached in this action represent a fair and equitable resolution of this matter.

5. The parties have been adequately represented by experienced counsel. The parties request that the Court approve the settlement as a fair and reasonable resolution of disputed claims. To approve the settlement as to the FLSA claims, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

6. The settlement is contingent upon approval by the Court. Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action

with prejudice but retaining jurisdiction for 45 days to enforce the Settlement Agreement entered into by the Parties.

    WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the Settlement Agreement and General Release entered into by the Parties to the instant action, dismissing this action with prejudice and retaining jurisdiction for 45 days to finalize the terms of the Settlement Agreement.

DATED this 26th day of October 2023.

                      Respectfully submitted,

| | |
|---|---|
| **GARCIA HERNANDEZ, P.A.** | **MICHAEL A. PANCIER, P.A.** |
| **Counsel for Plaintiff** | **Counsel for Defendants** |
| 2655 S. LeJeune Road | 9000 Sheridan Street, Suite 93 |
| Coral Gables, FL 33134 | Pembroke Pines, Florida 33024 |
| E-mail: henry@HHLAWFLORIDA.com | Email: mpancier@pancierlaw.com |
| TEL: 305.771.3374 | (954) 862-2217 (Telephone) |
| | |
| s/Henry Hernandez, Esq. | By /s/Michael A. Pancier |
| Henry Hernandez, Esq. | Michael A. Pancier, Esq. |
| FBN: 542601 | Florida Bar No. 958484 |

## SETTLEMENT AGREEMENT AND
## RELEASE OF ALL CLAIMS

This SETTLEMENT AGREEMENT AND FULL AND GENERAL RELEASE OF ALL CLAIMS ("Agreement") is entered into by JOSE ENRIQUE REGUERA ("REGUERA"), GUANTANAMERA CIGARS COMPANY, ("GCC"), JOSE MONTAGNE and MARGARITA MONTAGNE, individually, (collectively referred to as "MONTAGNE"), (collectively referred to as the "Company"), to settle claims that have been alleged against GCC and MONTAGNE by REGUERA. The "Company" is defined to include any and all related entities and subsidiaries, as well as all respective former and current officials, shareholders, officers, directors, managers, attorneys, directors, administrators, agents, supervisors, employees, representatives, insurers, all in their official and individual capacities, as well as their heirs, executors, administrators, predecessors, successors, insurers, assigns, and all other persons, partnerships, firms or corporations, and their insurers who are related to the Company, and all will be collectively referred to in this Agreement as the "COMPANY" unless specifically otherwise noted for purposes of a particular section.

**WHEREAS,** REGUERA was employed by the Company as a server.

**WHEREAS,** on or about April 7, 2023, REGUERA, filed suit ("the lawsuit"), against the COMPANY in the Circuit Court of the 11th Judicial District of Florida as Case 2023-014974-CA-01 against Defendants, for alleged violations of the Fair Labor Standards Act, 28 U.S.C. §§ 206, 206, 215(b), 216(b).

**WHEREAS,** on or about July 20, 2023, the lawsuit was removed to federal court in the Southern District of Florida as Case 1-23-CV-22718-BB.



**WHEREAS**, the Parties prefer to avoid the uncertainties and expense of further litigation and, instead, desire to set forth in this Agreement, without establishing precedent, the terms and conditions of the settlement of each one's claims against the other.

**NOW, THEREFORE**, in consideration of their mutual promises and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. **Agreement Contingent Upon Execution and Approval of Joint Motion to Approve Settlement and to Dismiss Action with Prejudice.**

REGUERA will authorize his attorney to file and execute the Joint Motion to Approve Settlement Agreement and To Dismiss Action with Prejudice which is attached to this Agreement as Exhibit 1 ("Joint Motion") thereby agreeing to dismiss his lawsuit against the COMPANY. REGUERA will direct his attorney to return the properly executed Agreement and the properly executed Joint Motion to counsel for Defendant. Counsel for REGUERA shall, thereafter, file the Joint Motion and separately provide the Court with this Agreement for approval, following the expiration of the revocation period discussed in section 7.c. of this Agreement.

2. **Consideration.**

    a. In consideration for the promises made in this Agreement, COMPANY agrees to pay the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00), which REGUERA accepts in settlement of all claims. This amount shall be allocated as follows: a) **$12,000.00 to REGUERA** which is comprised of $5,000.00 in backpay, $5,000.00 in liquidated damages, and $ 2000.00 in consideration for a general release of his retaliation claim under 15(a)(3) of the FLSA and all non-FLSA claims listed in paragraph 4 below; and b) **$5,500.00 to REGUERA's counsel, GARCIA HERNANDEZ, P.A.** which is comprised of attorneys' fees and costs. The amount will be paid either by check or via bank transfer to REGUERA and Garcia

Hernandez, P.A. The first $ 8,750.00 will be provided to REGUERA's counsel of record within ten (10) days of the Court's approval of this Agreement (after the expiration of the seven (7) day revocation period). The second $ 8,750.00 will be provided to REGUERA's counsel of record within forty (40) days of the Court's approval of this Agreement. Each payment will be in two checks: $ 6,000.00 payable to REGUERA and $ 2,750.00 payable to REGUERA's counsel, GARCIA HERNANDEZ, P.A. Both REGUERA and GARCIA HERNANDEZ, P.A. shall receive an IRS Form 1099-NEC. Payment is contingent on the Company's receipt of IRS W-9 forms executed by REGUERA and his counsel.

      b.     The amount paid herein is in full settlement of any and all possible damages, attorneys' fees, and costs for all claims, known and unknown, REGUERA brought against COMPANY, or could have brought against Company. REGUERA agrees that the consideration being provided by COMPANY in this Agreement, including the COMPANY's waiver and release of all claims it may have against REGUERA, constitutes adequate and ample consideration for the FLSA claims REGUERA is waiving under this Agreement and for the obligation imposed upon REGUERA by virtue of this Agreement. REGUERA further agrees that the consideration being provided by this Agreement is consideration for which he may not otherwise be entitled, except for this Agreement.

      **3.**     **No Lawsuits or Claims/No Rehire**

Excluding the fling of the action referred to above, REGUERA agrees that he will not hereafter pursue, initiate, or cause to be instituted any lawsuit against the COMPANY or any party released herein. REGUERA represents that he does not currently have pending before any court or any federal, state or local agency any dispute of any kind against the COMPANY.

REGUERA further acknowledges that because of circumstances unique to him including,

Page 3 of 13

JM
Initials

but not limited to, irreconcilable differences with the COMPANY, he is not qualified to hold any position with Releasees, as defined herein now or in the future and, therefore, shall not apply in the future for employment with Releasees. If REGUERA does apply for employment with or is hired by Releasees in the future, REGUERA shall be subject to immediate termination without recourse. This is a negotiated, non-retaliatory settlement term.

4.    **Mutual Full Waiver and Release of all Claims.**

a. **REGUERA Waiver and Release Of All Claims**. In exchange for the consideration described in this Agreement, REGUERA irrevocably, knowingly, and voluntarily releases, waives, and forever discharges any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which he has or may have against the COMPANY, its direct and indirect parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their respective capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees"), from the beginning of the world until the effective date of this Agreement. The disputes released by REGUERA include, but are not limited to, any and all disputes against the COMPANY regarding alleged underpayment of overtime or any other claim that could be made under the FLSA. The release herein is intended to be all-encompassing and includes, but is not limited to, a release of any rights or claims REGUERA may have under the FLSA; the Davis-Bacon Act of 1931; Sections 448.07 and 448.08, Florida Statutes; the Florida Minimum Wage Act; the Equal Pay Act; the Age Discrimination in Employment Act of 1967, as amended; the Older Workers Benefit Protection Act of 1990; Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981;

JM
Initials

the Americans with Disabilities Act of 1990; the Employee Retirement and Income Security Act (ERISA); the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Occupational Safety and Health Act; the Florida Whistleblower Protection Act (Sections 448.101-448.105, Florida Statutes); and/or any other federal, state or local laws, ordinances, or regulations, including but not limited to those prohibiting employment discrimination, such as the Florida Civil Rights Act of 1992, or which otherwise relate to payment of wages or other compensation and/or retaliatory discharge claims. REGUERA acknowledges and agrees that this Release of all claims REGUERA had or now have under the FLSA includes any and all claims against the Company for overtime pay, back pay or front pay, liquidated damages, retaliatory discharge claims, attorneys' fees and costs and all other compensatory and non-compensatory damages, whether economic or non-economic, and further acknowledges that REGUERA is forever barred from pursuing any claim for unpaid overtime, unpaid wages, and retaliatory discharge, against Releasees for any and all work performed by REGUERA for the Company from the beginning of time through the Effective Date of this Agreement. REGUERA further agrees and acknowledges that this Agreement includes a release of all claims based on the state and federal constitutions, and all claims based on theories of contract or tort, whether based on common law, statutory law, or otherwise. The foregoing list is meant to be illustrative rather than exhaustive. **REGUERA ACKNOWLEDGES, AGREES AND UNDERSTANDS THAT THIS RELEASE IS A FULL AND FINAL BAR, TO THE EXTENT PERMITTED BY LAW, AND SHALL BE GIVEN THE BROADEST INTERPRETATION POSSIBLE TO ANY AND ALL CLAIMS OF ANY**

JM
Initials

TYPE THAT REGUERA HAD, OR MAY NOW HAVE, AGAINST THE RELEASED PARTIES UP THROUGH THE EFFECTIVE DATE OF THIS AGREEMENT.

b. The disputes released by REGUERA include those known or unknown, actual, or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis. This release includes all disputes for which REGUERA could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple, or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind.

c. **Waiver of Class and Collective Actions**. TO THE EXTENT PERMITTED BY APPLICABLE LAW, EMPLOYEE WAIVES ANY RIGHT OR ABILITY TO BE A CLASS OR COLLECTIVE ACTION REPRESENTATIVE, OR TO OTHERWISE PARTICIPATE IN A PUTATIVE OR CERTIFIED CLASS, COLLECTIVE, REPRESENTATIVE OR MULTI-PARTY ACTION OR PROCEEDING IN ANY ARBITRATION, ACTION OR PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER IN TORT, CONTRACT OR OTHERWISE) ARISING OUT OF, RELATED TO OR CONNECTED WITH THIS AGREEMENT OR THE PARTIES' FORMER EMPLOYMENT RELATIONSHIP.

d. **GCC and MONTAGNE Waiver and Release Of All Claims**. In exchange for the consideration described in this Agreement, GCC and MONTAGNE, its direct and indirect parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their respective capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys, irrevocably, knowingly, and voluntarily releases, waives, and forever discharges any and all claims, demands, actions, or causes of action, of any

JM
Initials

kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which they have or may have against the REGUERA, from the beginning of the world until the effective date of this Agreement

5. **No Admission of Liability or Wrongdoing.**

The Parties to this Agreement agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by any Party.

6. **Tax Consequences of Settlement.**

REGUERA understands and agrees that should the IRS, or any other taxing authority or other federal, state, or local agency assert, argue, or determine that any money received or paid pursuant to section 2 of this Agreement (i.e., "Consideration") that was not subject to withholding and/or deductions, is taxable wages, income, or benefits of any kind, REGUERA will be solely and individually responsible for the payment of any and all employee taxes, contributions, withholdings, or deductions, but not employer taxes. REGUERA's responsibility for such taxes, withholding, contribution and/or deduction includes, but is not limited to, the amount of the tax, withholding, contribution and/or deduction as well as any and all penalties, interest, fees, fines, attorneys' fees and costs, related to the amount of taxes, withholding, contribution and/or deduction that should have been paid by REGUERA. Moreover, REGUERA agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to REGUERA or his attorney under the terms of this Agreement including attorney's fees.

7. **Encouragement to Consult Attorney.** The COMPANY encouraged REGUERA to consult an attorney regarding the terms of this Agreement before signing the Agreement, and

JM
---
Initials

REGUERA acknowledges that he did, in fact, consult with an attorney regarding the terms of this Agreement. REGUERA acknowledges that he fully understands the legal effect of this agreement, his rights and obligations under this agreement, and that he intends to be legally bound by this agreement.

      **b.**    **Time to Consider Signing Agreement.** REGUERA acknowledges that he has been given a reasonable period of time of not less than twenty-one (21) days within which to decide whether to sign this Agreement. REGUERA understands and agrees that he can use all or any part of this period to decide whether to sign this Agreement. REGUERA agrees that any changes to this Agreement from that originally presented to REGUERA will not restart the twenty-one (21) day consideration period.

      **c.**    **Seven (7) Day Period to Revoke.** REGUERA understands that he may revoke this Agreement within seven (7) calendar days after he signs the Agreement.[1] If REGUERA revokes the Agreement, the Agreement will be deemed unenforceable, will be null and void, and the COMPANY shall be relieved of all obligations stated in this Agreement, including its obligation to release REGUERA from any claims the COMPANY might have against REGUERA. To be an effective revocation, any revocation must be in writing, executed by REGUERA, and delivered to Michael A. Pancier, Esq., 9000 Sheridan Street, Suite 93, Pembroke Pines, FL 33024 and via email at mpancier@pancierlaw.com on or before the seventh calendar day by or before 5:00 p.m. (Eastern Time). The revocation must expressly state "I hereby revoke the Agreement."

---

[1] For purposes of computing this seven (7) day period, the date REGUERA signs the Agreement should not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period of time prescribed runs until the end of the next day which is not one of the aforementioned days. Intermediate Saturdays, Sundays, and legal holidays shall be included in the computation.

Page 8 of 13

JM
‾‾‾‾‾
Initials

8. **Confidentiality.**

The parties agree to keep the fact and terms of this Agreement in strict confidence and, if questioned regarding the Action, will reply only that the matter has been confidentially resolved. REGUERA agrees not to disclose this document, its contents, or subject matter of this document to any person other than his spouse, attorney, governmental taxing authority, accountant, financial advisor, or income tax preparer. Furthermore, to the extent REGUERA is permitted to disclose and does disclose such information, REGUERA agrees to require that the person receiving such information will maintain its confidentiality. REGUERA warrants and represents that from the time of his receipt of this document (or any prior drafts) through his execution of this Agreement, he has not breached the confidentiality provisions of this Agreement.

This provision shall not prohibit any party from providing information regarding this matter to any court or regulatory body in response to a lawful request for such information or prohibit either party from disclosing such information to the extent required by law. Any party has the right to seek any and all legal or equitable remedies to which it and they are entitled by reason of a breach of this Section 8, which may include such relief as the Court deems just.

Additionally, this provision shall not prohibit the parties from presenting this Agreement to the Court for approval of the settlement.

9. **No Undisclosed Injuries**. REGUERA represents and warrants that he has not suffered any on-the-job injury for which she has not already notified Company in writing and/or filed a claim as of the date of this Agreement.

### 10. Non-Disparagement/Neutral Employment Reference

The parties agree that after the date of the execution of this Agreement, they will not, to the public or to any individual person or entity, disparage, criticize, condemn, or impugn the reputation or character of the other party. Furthermore, in the event that a subsequent employer seeks an employment reference for REGUERA, the Company agrees to only provide the last dates of employment and position held. All requests for an employment reference shall be directed to Jose Montagne.

Notwithstanding the foregoing, neither this covenant of non-disparagement nor any other provision of this Agreement should be construed so as to prohibit, restrict or impede REGUERA from (a) providing truthful testimony in an administrative, legislative, or judicial proceeding when he has been required or requested to attend the proceeding pursuant to a court order, subpoena, or written request from an administrative agency or the legislature, (b) disclosing or discussing underlying facts or circumstances giving rise to sexual harassment or sexual assault disputes, or (c) engaging in concerted or other activity protected by the National Labor Relations Act ("NLRA") or any other applicable federal, state or local law. Further, all provisions contained in this Agreement will not be enforced in a manner which interferes with REGUERA's rights to engage in concerted or other activity protected under the NLRA or any other applicable federal, state or local law.

### 11. Complete Bar.

The parties agree that the parties released above may plead this Agreement as a complete bar to any action or suit before any court or administrative body with respect to any claim released herein.

Page 10 of 13

JM
---
Initials

12.     **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and where applicable, federal laws. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly construed for or against either Party.

13.     **Severability.**

If any term or provision of this Agreement or the application thereof to any person or circumstance shall, to any extent, be declared invalid, illegal, or unenforceable by a court of competent jurisdiction and it cannot be modified to be enforceable, the remainder of this Agreement, or the application of such term or provision to persons other than those as to which it is held invalid, illegal or unenforceable, shall not be affected thereby.

14.     **Disputes.** In the event that any Party to this Agreement institutes legal proceedings for breach of the terms of this Agreement, it is stipulated and agreed that such a claim shall be heard and determined by the court, and not by a jury, in Miami-Dade County, Florida. In the event of a breach of this Agreement or in the event any action is commenced in the Court having jurisdiction over this matter concerning enforcement of the provisions of this Agreement, the prevailing part in any such action shall be entitled to an award of all damages for breach of contract as may be allowed by law and an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

14.     **Entire Agreement; Amendment.**

This Agreement and its attachment set forth the entire agreement between the Parties and supersede any and all prior agreements or understandings between the Parties. This Agreement

Page 11 of 13

JM
---
Initials

may not be amended except by a written agreement signed by the Parties or signed by each one's respective administrators, trustees, personal representatives, or successors.

15. **Headings.**

Section headings and subheadings are used in this Agreement for ease of reference only and shall not affect the meaning of any provision of this Agreement.

16. **Execution.**

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original with respect to any party whose signature appears thereon and all of which shall together constitute one and the same instrument. Signature by facsimile or which is made electronically such as through AdobeSign® or DocuSign®, will have the same effect as an original or manual signature.

17. **Acknowledgement.**

Except as otherwise set forth herein, REGUERA acknowledges that he has carefully read and that he understands this Agreement and agrees that none of the Parties have made any representations other than those contained herein. REGUERA also acknowledges that he has entered into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance.

[SIGNATURES ON FOLLOWING PAGE]

Page 12 of 13

JM
---
Initials

**WHEREFORE**, the Parties, intending to be legally bound, execute this Agreement as of the dates set forth below.

_____
**JOSE ENRIQUE REGUERA**

Date:_____

_____
Guantanamera Cigars Company (Oct 24, 2023 16:56 EDT)
**For the Company**

Type/Print Name: JOSE A. MONTAGNE
Title: President

Date: 24/10/2023 _____

_____
Guantanamera Cigars Company (Oct 24, 2023 16:56 EDT)
**JOSE MONTAGNE, Individually**

Date: 24/10/2023 _____

_____
Guantanamera Cigars Company (Oct 24, 2023 16:56 EDT)
**MARGARITA MONTAGNE, Individually**

Date: 24/10/2023 _____

# Jose Reguera / Guantanamera Settlement

Final Audit Report                                                                 2023-10-24

| | |
|---|---|
| Created: | 2023-10-24 |
| By: | Michael Pancier (mpancier@pancierlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA6NROnVWK0jezsh9nTivdlNBlxL_egyHb |

## "Jose Reguera / Guantanamera Settlement" History

- Document created by Michael Pancier (mpancier@pancierlaw.com)
  2023-10-24 - 3:57:56 PM GMT- IP address: 64.80.140.98

- Document emailed to Guantanamera Cigars Company (guantanamerasa@gmail.com) for signature
  2023-10-24 - 3:58:01 PM GMT

- Email viewed by Guantanamera Cigars Company (guantanamerasa@gmail.com)
  2023-10-24 - 3:58:08 PM GMT- IP address: 74.125.210.66

- Document e-signed by Guantanamera Cigars Company (guantanamerasa@gmail.com)
  Signature Date: 2023-10-24 - 8:56:14 PM GMT - Time Source: server- IP address: 96.85.175.150

- Agreement completed.
  2023-10-24 - 8:56:14 PM GMT

Adobe Acrobat Sign

WHEREFORE, the Parties, intending to be legally bound, execute this Agreement as of the dates set forth below.

*Jose E*
Jose Enrique (Oct 25, 2023 14:18 EDT)

**JOSE ENRIQUE REGUERA**

Date: **Oct 25, 2023**

For the Company

By:_____
Type/Print Name:_____

Title:_____

Date:_____

_____
**JOSE MONTAGNE, Individually**

Date:_____

_____
**MARGARITA MONTAGNE, Individually**

Date:_____

Page 13 of 13

*J.6*
Je
Initials

# Settlement Agreement Fully Executed

Final Audit Report                                                                 2023-10-25

| | |
|---|---|
| Created: | 2023-10-24 |
| By: | HENRY HERNANDEZ (henry@hhlawflorida.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAACZL0DEcoxRRcNdmdPAF0Nr1Os1i7Msez |

## "Settlement Agreement Fully Executed" History

- Document created by HENRY HERNANDEZ (henry@hhlawflorida.com)
  2023-10-24 - 8:00:53 PM GMT- IP address: 107.211.152.209

- Document emailed to jose.e_reguera@yahoo.es for signature
  2023-10-24 - 8:07:13 PM GMT

- Email viewed by jose.e_reguera@yahoo.es
  2023-10-25 - 0:56:43 AM GMT- IP address: 69.147.95.10

- Signer jose.e_reguera@yahoo.es entered name at signing as Jose Enrique
  2023-10-25 - 6:18:56 PM GMT- IP address: 73.179.54.174

- Document e-signed by Jose Enrique (jose.e_reguera@yahoo.es)
  Signature Date: 2023-10-25 - 6:18:58 PM GMT - Time Source: server- IP address: 73.179.54.174

- Agreement completed.
  2023-10-25 - 6:18:58 PM GMT

**Adobe Acrobat Sign**